IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:23-00117

JASON TRADOR

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Jason Trador's Motion for a New Trial (ECF No. 92) and his Motion for Judgment of Acquittal. ECF No. 93. For the following reasons, the Court **DENIES** both motions.

**I.
FACTUAL BACKGROUND**

On July 25, 2023, Defendant Jason Trador was indicted on charges related to obtaining a mortgage that required the approval of the Federal Housing Administration (FHA), which is part of the United States Department of Housing and Urban Development (HUD). On December 12, 2023, the Government filed a five-count Superseding Indictment against Defendant. Count One charged Defendant with Making a Materially False, Fictious, or Fraudulent Statement or Representation During an Investigation, in violation of 18 U.S.C. § 1001(a)(2). Counts Two through Four charged Defendant with Making a False Statement Influencing an FHA/HUD Insured Loan, in violation of 18 U.S.C. § 1010. Count Five charged Defendant with Making a False Statement to a Bank or other Federally Insured Institution, in violation of 18 U.S.C. § 1014. Following a two-day trial, Defendant was convicted by a jury on April 11, 2024, of all five counts.

Evidence at trial showed that Defendant was a mortgage loan officer employed by Victorian Finance, LLC from 2015 through October 2018. On June 18, 2018, Defendant entered into a purchase agreement to buy a home for himself. Approximately one month later, on July 16, 2018, Defendant applied for an FHA loan with Victorian Finance. As a loan officer, Defendant was well versed in originating loans, including those insured by the FHA/HUD. Under the FHA rules, a borrower is ineligible for a loan if there is a delinquent federal tax debt, unless the borrower enters into a valid payment plan and timely makes three monthly payments. Prepayments on a tax debt do not qualify.[1] At the time Defendant applied for his loan, he had a delinquent federal tax debt for the 2016 tax year. The evidence showed that Defendant made two $150 prepayments to the Internal Revenue Service on July 26 and August 9, 2018 and, afterwards, on August 15, 2018, he set up a payment plan with the Internal Revenue Service. However, Defendant never fulfilled the requirements necessary under the payment plan to become eligible for an FHA loan before the closing on his home in September 2018.

---

[1]The FHA Handbook provides, in relevant part:

> Borrowers with delinquent Federal Tax Debt are ineligible.
>
> Tax liens may remain unpaid if the Borrower has entered into a valid repayment agreement with the federal agency owed to make regular payments on the debt and the Borrower has made timely payments for at least three months of scheduled payments. The Borrower cannot prepay scheduled payments in order to meet the required minimum of three months of payments.
>
> The Mortgagee must include the payment amount in the agreement in the calculation of the Borrower's Debt-to-Income (DTI) ratio.

FHA Handbook, Section II.A.1.b.ii(A)(12)(a) (Dec. 30, 2016), Ex. 9, ECF No. 87-11.

Despite the fact he was ineligible for the loan, Defendant submitted a series of false documents to Denise Shaffer, the loan processor at Victorian Finance, to get his loan approved. These documents included significantly altered bank statements showing that he had more money in his accounts than actually existed. He also deleted insufficient funds fees from his JP Morgan Chase bank statements and added a line-item to his July statement falsely representing a payment was made to the "US Dept Treasury" in the amount of $8,151.82. Defendant also submitted to Ms. Shaffer an altered IRS tax transcript for the 2016 tax year falsely showing he had paid off his tax debt. On May 6, 2022, federal agents interviewed Defendant regarding the false documents. Defendant denied any knowledge or involvement in altering the documents.

During trial, Defendant took the stand and attempted to blame his former colleagues for all the altered documents in his loan file. Given the overwhelming evidence that Defendant altered and submitted the false documents himself, lied to investigators when questioned about it, and further lied on the witness stand by blaming others, the jury quickly returned a verdict of guilty on all counts. Defendant now argues he is entitled to a new trial based upon newly discovered evidence, and he argues the Court should set aside the jury's verdict and enter a judgment of acquittal.

## II.
## MOTION FOR A NEW TRIAL

Defendant moves for a new trial on what he asserts is newly discovered evidence. In the motion, defense counsel states that, two days after the trial concluded, Defendant informed him that his cellphone shows he was in South Carolina on August 18 and 19, 2018. Defendant then states it "is close in time to a scan used in the United States' case which occurred on August 16, 2018." *Mot. for New Trial*, at 1. Defendant's motion consists of only these two points, and he

makes no specific argument about how this "new evidence" warrants a new trial. Nevertheless, the Court assumes he is attempting to show he was out of town to rebut the Government's evidence that Defendant handed Ms. Shaffer forged documents on August 16, 2018, which she in turn scanned into Victorian Finance's computer system the same day. Upon review, the Court rejects this argument.

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, a Court may vacate a judgment and award a new trial upon a defendant's motion "if the interest of justice so requires." Fed. R. Civ. P. 33(a). To demonstrate a new trial is warranted based on newly discovered evidence:

> a defendant must satisfy a five-part test by showing that (1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial."

*United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013) (citation omitted). Here, the Court finds Defendant fails to meet this test.

First, the Court finds Defendant had possession of his cellphone prior to trial and his lack of diligence to inform his counsel he was in South Carolina on August 18 and 19, which he contends can be verified by his cellphone, is not new evidence. Defendant easily could have told his counsel about his whereabouts prior to trial and describe whatever evidence he has on his cellphone to prove it, but he did not. Second, the evidence he was out of town on August 18 and 19 does not rebut the Government's evidence that Defendant gave Ms. Shaffer false documents two days earlier on August 16, which she scanned into Victorian Finance's computer system. Just because Defendant states he was in South Carolina on August 18 and 19 does not mean he was not

in West Virginia on August 16. Third, the Court finds that, even if such evidence was admitted at trial, it would not result in an acquittal because it simply is immaterial as to Defendant's whereabouts on August 16. Therefore, the Court finds Defendant has failed to establish he has newly discovered evidence and **DENIES** his Motion for a New Trial.

## III.
## MOTION FOR
## JUDGMENT OF ACQUITTAL

Defendant also moves for a judgment of acquittal in a similarly terse manner. In his motion, Defendant argues that "no reasonable jury could conclude that [he] forged the tax payoff in the 2016 tax transcript which was part of the United States' case in chief." *Mot. for J. of Acquittal*, at 1. As support, Defendant states the evidence demonstrates the inaccuracies in the tax transcript "were brought to [his] attention by a witness who was employed with Victorian Finance. This shows that the tax transcripts were accessed by Victorian Finance prior to Defendant's knowledge of the same." *Id.* The Court disagrees.

The Court finds that merely because someone at Victorian Finance told Defendant there were inaccuracies in his tax transcript does not prove it is the first time Defendant became aware of it. The evidence at trial demonstrated a tax record request made on June 14, 2018, which was around the time Defendant entered into the Purchase Agreement for the house.[2] The request was made more than a month before he ever applied for a loan with Victorian Finance and signed the IRS form "4506-T" giving Victorian Finance permission to obtain his tax information.[3]

---

[2]Defendant signed the Purchase Agreement on June 18, 2018. *See* Ex. 2, ECF No. 87-2.

[3]Defendant applied for a mortgage with Victorian Finance on July 16, 2018, *see* Ex. 3, ECF No. 87-3, and signed form "4506-T" on the same day. *See* Ex., ECF No. 88-1.

Defendant maintained at trial, however, he was not permitted to obtain his own tax transcript from the IRS and, therefore, he could not have received one, altered it, and submitted it to support his loan application.[4] However, the Court finds Defendant's assertion is simply unbelievable. The Government presented evidence from Andrew Myers, a special agent with HUD's Office of Inspector General, who testified that anyone can receive a copy of their own IRS account transcript. Trial Tr. vol. 1, 100 (Test. of Andrew Myers), ECF No. 98. Not only was Defendant permitted to request a copy of his own tax transcript, but in fact a request was made in June 2018, the request was made a month prior to him applying for a loan with Victorian Finance and giving the company permission to obtain a copy of his tax transcript, and he had a motive to alter the document to make him eligible to obtain a loan. The Court finds this evidence clearly establishes that Defendant obtained, altered, and submitted the falsified tax transcript to Victorian Finance. Therefore, the Court **DENIES** Defendant's Motion for Judgment of Acquittal.

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** both Defendant's Motion for a New Trial (ECF No. 92) and his Motion for Judgment of Acquittal. ECF No. 93.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 24, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] *See* Trial Tr., vol. 2, 132 (Test. of Jason Trador).